## PANTAKY v. TUSKA et al.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. APPEAL AND ERROR ☞1008—REVIEW—QUESTIONS OF FACT.

In an action for commissions on a sale by plaintiff, the question as to the terms under which plaintiff was employed being one of fact, the decision of the trial judge thereon is binding on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ☞1008.]

2. BROKERS ☞69—COMPENSATION—AMOUNT.

Where a sale was completed by plaintiff only on the understanding that defendants accept a note of the buyer, indorsed by a certain person, and

such person refused to indorse the note until a reduction in price was made to the buyer, to which the defendants agreed, plaintiff was entitled to commission only on the reduced price.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 55; Dec. Dig. ☞69.]

Delehanty, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Nusurun Pantaky against Alonzo L. Tuska and others. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Stern, Barr & Tyler, of New York City (Henry C. Moses, of New York City, of counsel), for appellants.

George H. Mallory, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for the sum of $336.87 for compensation which he claims he earned as a salesman on a single sale made by him for the defendants' account. The defendants do not dispute that they employed the plaintiff to sell these goods, and that he did make a sale and is entitled to some compensation. The real dispute in the case hinges upon two points: First, the terms under which the plaintiff was employed; and, second, the price which the defendants received for the goods.

[1] The first issue presents, in my opinion, merely a question of fact. The trial justice has held that the agreement under which the plaintiff was employed provided that, if he sold certain goods for the defendant, he should receive as compensation 10 per cent., less 2½ per cent. upon the cost price and the entire amount received by the defendant on such a sale above the cost price. The decision of the trial judge as to the terms of the agreement is binding upon us.

[2] A more serious question, however, arises in regard to the price at which these goods were sold. The plaintiff claims that they were sold by him for the price of $1,083.87, but he concedes that he gave the purchaser a discount of 10 per cent. and that the price at which his compensation should be figured is the sum of $975.49. It appears, however, even according to the plaintiff's testimony, that the sale was made in the defendants' place of business and in the presence of one of the defendants; that at that time the plaintiff stated:

"I said, 'I must have my commission on the day the goods are shipped or you take his note.' Q. What did he say? A. He said, 'It will depend on the party who will indorse the note; when we are *done with the terms* tell me the party.' I told him, 'Banzaria;' and we looked up Dun's book, and he said he was not highly rated. Q. Were you referring to Mr. Benzaria? A. Yes; and he said, 'Who is to be the indorser?' I said, 'One gentleman named Mr. Labe;' * * * and he said * * * 'We know him; we know he has a good rating.' Q. Did he in fact become the indorser? A. Yes. Q. Mr. Benzaria paid for those goods in his notes indorsed by Mr. Labe? A. Yes. Q. They were accepted by Mr. Tuska? A. Yes. Q. Did you ask for payment of your commission? A. On the same afternoon he took the notes I asked for the commission."

This testimony was a necessary part of the plaintiff's case, in order to establish the sale. It shows that the original sale to Mr. Benzaria by the plaintiff was necessarily made dependent upon the defendants' accepting the notes of the purchaser, and they accepted those notes only provided they bore the indorsement of Mr. Labe. It further appears undisputed that Mr. Labe refused to indorse any note of Benzaria, unless the defendants would give Benzaria an additional 10 per cent. discount. The defendants agreed to this, and Benzaria made his note, indorsed by Labe, for the sum of $867.10. This was the only amount received by the defendants, and the plaintiff can claim compensation only on the theory that he was the procuring cause of the sale as actually made, and is entitled to commissions only upon that sale. Although the plaintiff denies that he was interested in any transaction had with Labe, or any discount made to him, that claim should have been rejected by the trial court, because the plaintiff became entitled to commissions only when the defendants actually agreed upon the terms of the sale to Benzaria.

Judgment modified, by reducing the same to the sum of $228.49 and appropriate costs in the court below, and, as thus modified, affirmed, without costs to either party.

WEEKS, J., concurs.

DELEHANTY, J. I dissent from any modification of the judgment. I think it should be affirmed as a whole.